**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RAUL HERRERA, | § |
|     Defendant-Movant, | § |
| | § |
| v. | § No.  3:01-CR-0352-D |
| | §(No.  3:04-CV-2709-D) |
| UNITED STATES OF AMERICA, | § |
|     Plaintiff-Respondent. | § |
| | |
| LAZARO HERRERA, JR, | § |
|     Defendant-Movant, | § |
| | § |
| v. | § No.3:01-CR-0352-D |
| | §(No.3:04-CV-2708-D) |
| UNITED STATES OF AMERICA, | § |
|     Plaintiff-Respondent. | § |

CONSOLIDATED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation

thereof, the subject causes have previously been referred to the United States Magistrate Judge.

The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

      Type Case: Raul Herrera (hereinafter sometimes referred to as "Raul") and Lazaro

Herrera, Jr.  (hereinafter sometimes referred to as "Lazaro") are confined pursuant to terms of

imprisonment imposed by this court.  Each has filed a motion to set aside, vacate, or correct his

sentence pursuant to 28 U.S.C. § 2255.

      Statement of the Case: On June 6, 2002, brothers Raul and Lazaro were re-arraigned on

Count 1 of the superseding indictment returned in No.  3:01-CR-0352-D.  Pursuant to the written

plea agreements filed with the court each entered a plea of guilty in exchange for the

1

government's agreement to dismiss count 2 of the indictment and the government's agreement,

in the sole discretion of the government's attorney, to move for a downward departure pursuant

to U.S.S.G. § 5K1.1 if each provided substantial assistance.

On November 8, 2002, they appeared for sentencing which was continued until

November 19, 2002.  On November 19, 2002, they again appeared at which time each was

sentenced to a term of 364 months in the custody of the Bureau of Prisons together with

assessments and forfeitures of property.  On motion of the government, the second count of the

indictment was dismissed.  Both Movants appealed their convictions.[1]  On September 9, 2003,

the Fifth Circuit issued an unpublished opinion affirming each Movant's conviction.  *See* 75 Fed.

Appx.  966 (5th Cir.  Sept.  9, 2003).  On December 23, 2004, Raul and Lazaro filed separate

§2255 motions.

Findings and Conclusions: Raul and Lazaro each raise four identical grounds for relief in

their § 2255 motions.  Therefore, the magistrate judge will consider their claims together.  In

their first ground for relief, the Herreras contend that their guilty pleas were rendered

involuntarily in violation of due process of law because the government breached its oral

agreement to file a motion for downward departure.  This claim was the basis for their respective

motions to withdraw their guilty pleas, which the District Court rejected in its memorandum

order filed on November 27, 2002 and thereafter constituted the basis for their direct appeals.

The Fifth Circuit expressly rejected their assertion that the government breached the plea

---

[1]In their respective plea agreements which they signed pursuant to their guilty pleas
Movants waived their rights to directly appeal their convictions except under limited conditions.
*(See* Plea Agreements at 6 ¶¶ 6 & 7).  However, the District Court authorized each to appeal the
court's denial of their motions to withdraw their guilty pleas.

agreements on which their guilty pleas were predicated.   Since this ground was raised and

rejected in their direct appeals, Movants may not relitigate the issue in § 2255 proceedings.  *See,*

*e.g., United States v.  Kalish,* 780 F.2d 506 (5th Cir.), *cert.  denied* 476 U.S. 1118, 106 S.Ct.

1977 (1986); *United States v.  Rocha*, 109 F.3d 225, 229 (5th Cir.  1997).

In their second ground for relief, the Herreras allege that they were denied their Sixth

Amendment right to a jury trial because the district court determined their sentences by reference

to the drug quantity table in the United States Sentencing Guidelines without a determination of

the quantity of drugs beyond a reasonable doubt.  The government argues that they waived their

right to file any § 2255 on grounds not related to ineffective assistance of counsel.  (*See* Plea

Agreement at 6 ¶¶ 6-7).  A defendant may waive his right to file a § 2255 motion.  *See United*

*States v.  White,* 307 F.3d 336, 339 (5th Cir.  2002).  Movants have advanced no reason why

dismissal of this ground is not appropriate on the basis of these prior written waivers.

Even if relief on this ground had not been waived, their contention is unavailing.

Movants cite no case authority for this claim.  To the extent that they seek to implicate *Apprendi*

*v.  New Jersey*, 530 U.S. 466,120 S.Ct. 2348 (2000)*,* the Fifth Circuit has held that *Apprendi* is

"specifically limited to facts which increase the penalty beyond the statutory maximum, and does

not invalidate a court's factual finding for the purpose of determining the applicable Sentencing

Guidelines." *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S.

1177, 148 L. Ed. 2d 1014, 121 S. Ct. 1152 (2001); *see also United States v. Meshack*, 225 F.3d

556, 576-77 (5th Cir. 2000), cert. denied,  534 U.S. 861, 122 S.Ct. 142 (2001).  To the extent that

they may seek to rely on *Blakley v.  Washington*, 542 U.S. __, 124 S.Ct.  2531 (2004) it is clear

that the United States Sentencing Guidelines were not addressed.  *Id.*  at 124 S.Ct.  2538 n.9.

Although the rationale of the *Blakely* decision provided the basis for the Supreme Court decision

in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), holding that the United States

Sentencing Guidelines were advisory rather than to be mandatorily applied, the Court made clear

that the holdings in *Booker* applied only to cases on direct review. *Id.* at 769. Therefore, the

Herreras cannot seek relief in § 2255 proceedings based on the *Booker* decision.[2]

In their third ground for relief, the Herreras assert that they were denied effective

assistance of counsel because their attorneys failed to inform them that they had the right to have

the exact quantity of drugs on which their sentences would be based proved beyond a reasonable

doubt. An attorney's conduct is governed by the standards set out in *Strickland v. Washington*,

466 U.S. 668, 104 S.Ct. 2052 (1984). There is a strong presumption that an attorney's conduct

falls within the broad range of reasonable professional assistance required under the Sixth

Amendment. *Id.* at 690, 104 S.Ct at 2065. To overcome this presumption a habeas movant must

establish that the attorney's conduct was constitutionally deficient (cause) and that but for such

unprofessional errors the result probably would have been different (prejudice). Failure to prove

either prong of the two part test forecloses relief. *Id* at 698, 104 S.Ct. at 2069.

---

[2]Although the Fifth Circuit has not yet expressly addressed a *Booker* claim in the context
of a § 2255 motion, *but see In re Elwood*, 408 F.3d 211 (5th Cir. 2005), in which the Fifth
Circuit refused to grant leave to a habeas petitioner to file a successive § 2255 motion predicated
on the *Booker* decision, in accordance with the Supreme Court's statement in *Booker*, each court
of appeals which has addressed this issue has refused to consider a *Booker* claim asserted in a
collateral attack (28 U.S.C. §§ 2254 and 2255). *E.g., United States v. Bellamy*, 411 F.3d 1182
(10th Cir. 2005), *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005), *Cirilo-Muñoz v. United
States*, 404 F.3d 527 (1st Cir. 2005), *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005),
*McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), *Green v. United States*, 397 F.3d
101 (2nd Cir. 2005), *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005), *see also Rosales v. United
States*, 2005 WL 840122 (N.D. Tex. Apr.11, 2005), *Arvizo-Pena v. Medellin*, 2005 WL 734996
(N.D. Tex. Mar. 31, 2005), *United States v. Jordan*, 2005 WL 598449 (N.D. Tex. Mar. 10,
2005).

The Herreras have cited no case law specifically holding that they were entitled to have the exact amount of methamphetamine at issue proved beyond a reasonable doubt. In fact, Fifth Circuit precedent at the time of their sentencing was to the contrary. *See, e.g., United States v. Clinton*, 256 F.3d 311, 314 (5th Cir. 2001)("when a defendant's sentence does not exceed the statutory maximum authorized by the jury's findings, *Apprendi* does not affect the sentence"). Nor may they rely on the Supreme Court's subsequent decision in *Booker* in support of this ground. Although the Sixth Amendment imposes on an attorney an obligation to be knowledgeable with respect to the statutory and case law which is applicable and in existence at the time of the attorney's representation, an attorney is not required to anticipate subsequent changes in the law. *See, e.g., Means v. Johnson*, 138 F.3d 1007, 1012 (5th Cir. 1998), citing *Hill v. Black*, 932 F.2d 369, 373 (5th Cir. 1991); *see also Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667 (1986), noting that: "It will often be the case that even the most informed counsel will fail to anticipate a state court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule."[3] Succinctly stated, the Sixth Amendment does not require that an attorney be clairvoyant. At the time the Herreras were sentenced there was no available legal authority under then existing law which required proof of the quantity of drugs beyond a reasonable doubt.

In ground four of their motions the Herreras allege that they were denied effective assistance of counsel by their trial attorneys when their attorneys, having previously told each that the government would recommend a two point downward departure if each plead guilty to

---

[3]*Smith v. Murray* was decided prior to the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which substantially curtailed a federal court's jurisdiction to grant relief pursuant to 28 U.S.C. § 2254.

Count 1 of the superseding indictment, failed to explain that such an oral agreement would not be enforced since it was not contained in the written plea agreement which each of them executed prior to entering guilty pleas on June 6, 2002.

When a defendant has been convicted on a plea of guilty and thereafter asserts that his plea was induced by his trial attorney's errors, an ineffective assistance of counsel claim is governed by the Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985).[4]  In order to establish the prejudice prong a defendant must show that "there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 104 S.Ct. at 370.

Although both Movants claim that their respective attorney's did not explain that the prior oral statements by the government were replaced by the terms of the written plea agreements, neither claims that had such explanation been given, he would have rejected the written plea agreement and have insisted on going to trial on both counts of the superseding indictment. (*See* Raul Herrera's Mot. at 10-11; Lazaro Herrera Jr.'s Mot. at 10-11).  Therefore neither Movant has alleged nor established an ineffective assistance of counsel claim under *Hill v. Lockhart. See, e.g., Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986).  Moreover, prior to imposing sentences each Movant was permitted to seek a downward departure on his counsel's motion which the court expressly declined to grant.[5]

---

[4]*See also Strickland v. Washington*, *supra.*

[5]Even were the District Court to find that this claim alleges a cognizable basis for relief, there is no basis for an evidentiary hearing on Movants' *Lockhart* claim.
    At the beginning of the re-arraignments on June 6, 2002 before The Honorable Barefoot Sanders, the court admonished each Movant that his answers to questions must be truthful, and "While I'm asking questions, you may talk at any time with your lawyers if ... you do not

_____

understand want I'm saying." (Rearraignment Tr. at 7).  After the prosecutors summarized the plea agreements, counsel for both Movants agreed that the plea agreements were accurately summarized. (*Id.* at 13 and 14).  Both attorneys agreed that the government had admissible evidence to convict their clients.  After the factual resume was read, the attorneys affirmed that their clients understood its contents, and both Movants asked the court to accept their plea agreements while under oath. (*Id.* at 19).

It is indisputable that each Movant, had he plead not guilty and was thereafter found guilty on the charges in the two count indictment, would have been subjected to a higher punishment range than that on which each was subsequently sentenced.

Neither Movant has produced any evidence on which a reasonable defendant would have probably rejected the plea agreement as reflected in the plea agreement which he signed and elected to go to trial.  It is noteworthy that Lazaro did not even file a witness or exhibit list for the impending trial.  Raul filed an exhibit list and a witness list, but it is questionable as to whether his polygraph examination and the testimony of the operator would have been admissible.  In the Fifth Circuit, a polygraph examination is not *per se* inadmissible. *See United States v. Posado*, 57 F.3d 428, 430-34 (5th Cir. 1995), but following remand the District Court found such evidence proffered in the case to be unreliable and therefore inadmissible under Fed. R. Evid. 702; *see United States v. Ramirez*, 1995 WL 918083 (S.D. Tex. Nov. 17, 1995).

Conspicuous by its absence in the affidavit of Douglas D. Mulder (the trial attorney for Raul) attached as an exhibit to each motion is any suggestion that he advised Raul to decline the government's initial plea offer absent a promise that the government would move for a two-level downward departure or any suggestion that he had discovered substantial evidence which if presented to the jury would have created a likelihood of any acquittal.  This absence is juxtaposed with the testimony of Department of Public Safety Officer David Eldridge at Raul's sentencing proceeding in which Eldridge recounted the direct and circumstantial evidence of Raul's involvement in the multiple pound methamphetamine distribution conspiracy which the government was prepared to present in the event of trial. (*See* Sentencing Tr., Nov. 19, 2002 at 13-29).

7

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the § 2255

motions filed by Raul Herrera and Lazaro Herrera, Jr.

A copy of this recommendation will be served on counsel for Raul Herrera, Lazaro

Herrera, Jr., and on counsel for the government.


Signed this 3rd day of August, 2005.

                                                    Wm. F. Sanderson, Jr.
                                                    United States Magistrate Judge

                                    NOTICE
        In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten (10) days after being served with a copy of this
recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.
1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten (10) day period may bar a *de novo* determination by the
district judge of any finding of fact and conclusion of law and shall bar such party, except upon
grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.