IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:01-CR-352-D(01) |
| VS. | § | |
| | § | |
| LAZARO HERRERA, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Lazaro Herrera, Jr. ("Herrera") pleaded guilty to the offense of conspiracy to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and to criminal forfeiture, in violation of 21 U.S.C. §§ 846, 841(a), and 853(a)(1). On November 19, 2002 the court sentenced him to 364 months' imprisonment, followed by 5 years of supervised release. On June 1, 2021 Herrera filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Herrera then filed on September 9, 2021 a motion seeking the appointment of counsel, and on October 13, 2021 a second motion seeking the appointment of counsel.[2] For the reasons that follow, the court denies the motions.

---

[1] The government responded to Herrera's motion on August 11, 2021. On August 20, 2021 the court directed the government to file a supplement to its August 11, 2021 response that addresses the 18 U.S.C. § 3553(a) factors. The government filed a supplemental response on September 13, 2021. On September 22, 2021 the court authorized Herrera to file a reply to the government's September 13, 2021 supplemental response. On October 13, 2021—the deadline for Herrera to file his reply—Herrera filed his second motion for appointment of counsel.

[2] Herrera also filed a letter on October 14, 2021 stating that he has been unable to view the government's responses to his motion because they have been filed under seal.

I

The court begins with Herrera's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018.

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

B

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction. In support of his motion, Herrera contends that he was sentenced under the 2001 Sentencing Guidelines and received a 30-year sentence, which was the "mandatory minimum penalties at the time of his sentencing," D. 6/1/21 Mot. at 1; that he was treated and sentenced as a

---

[3]Herrera contends that, on March 20, 2021, he filed a request with the warden of his facility seeking a sentence reduction. He attaches as an exhibit a copy of a March 22, 2021 email requesting compassionate release based, *inter alia*, on the ground that he is "serving an extremely long sentence for a non-violent drug offense that Congress has recognized as excessive and unfair, including inconsistent with modern standards for fairness in drug sentencing," and a copy of the Warden's denial of his request. D. App. at Ex. A. The court will assume *arguendo* that Herrera has properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

repeat or "career" offender "despite[] the fact that it's his first offense ever as a United States Citizen," *id.* at 1-2 (capitalization omitted); and that, had he been sentenced today, under the First Step Act, he would receive a sentence of 15 rather than 30 years.

In light of the court's decision below that, considering the § 3553(a) factors, Herrera should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. Dec. 18, 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

C

The court now analyzes the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary

and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Herrera is currently serving a 364-month sentence for trafficking a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. He is not eligible for release from prison until January 17, 2028. If the court grants Herrera's motion, it will be ordering him released more than *6 years* before he would otherwise be eligible. Not only would Herrera's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Herrera neither argues nor provides any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Herrera's relevant offense conduct and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Herrera is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

II

Herrera moves for the appointment of counsel "to represent him on his § 3582 case." D. 10/13/21 Mot. at 1. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id.* at 1011. Because Herrera has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his motion.

To the extent that Herrera contends that he has been unable to view the government's responses to his motion because they were filed under seal, the court notes that, although in several orders it granted the parties the *option* to file their responses and replies under seal, neither the government's August 11, 2021 response nor its September 13, 2021 supplemental response was filed under seal. Accordingly, Herrera's alleged inability to view these pleadings does not provide sufficient grounds to delay a ruling on his motion for compassionate release or to allow him to file further pleadings before ruling on the motion.

\* \* \*

Accordingly, for the reasons explained, the court denies Herrera's June 1, 2021 motion for compassionate release and September 9, 2021 and October 13, 2021 motions to appoint counsel.

**SO ORDERED**.

November 10, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE